IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UVALDO VELASQUEZ

    Plaintiff,

v.                                                      Civil No. 03-703 WJ/WDS

WHITE, KOCH, KELLY &
MCCARTHY, P.A. and each
attorney member therefor jointly
and severally; CUDDY, KENNEDY,
HETHERINGTON, ALBETTA &
IVES, LLP, and each attorney member
thereof jointly and severally; JOHN and
JANE DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant White, Koch, Kelly & McCloud, P.A.'s Motion to Dismiss Plaintiff's Complaint [Docket No. 5] and Defendant Cuddy, Kennedy, Hetherington, Albetta & Ives, LLP's Motion to Supplement, Join In and Concur in Defendant White, Koch, Kelly & McCloud, P.A.'s Motion to Dismiss Plaintiff's Complaint [Docket No. 7]. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

## BACKGROUND

On October 29, 1999, Anne Taintor filed a Complaint in the First Judicial District Court, County of Rio Arriba, State of New Mexico for "Trespass to Easement, Damages, Slander of

Title, Declaratory Judgment and Injunctive Relief." The case was docketed in state court as Taintor v. Velasquez, Cause No. D-0117-CV-99-2585 (hereinafter "Taintor"). Uvaldo Vasquez was named as the defendant in the state case. On February 16, 2000, then defendant Uvaldo Vasquez removed the state case to this Court. The case was docketed here as Civil No. 00-234. On March 31, 2000, the case was remanded to the state court from which it was removed on the basis that Mr. Vasquez had failed to show that this Court had jurisdiction of the subject matter of the state court action because all parties were residents of the State of New Mexico and none of the claims arose under federal law. See Civil No. 00-234, Docket No. 6. Additionally, the Court noted that Mr. Velasquez had not timely removed the action. See Id.

On April 10, 2000, Mr. Velasquez filed a Motion for Reconsideration. See Civil. No. 00-234, Docket No. 7. The Court denied the Motion for Reconsideration. See Civil No. 00-234, Docket No. 15. On August 9, 2000, Mr. Velasquez filed a motion asking the Court to void the Court's initial Order remanding the case to state court and the Order denying Mr. Velasquez' Motion for Reconsideration. See Civil No. 00-234 Docket No. 16. The Court denied this motion. See Civil No. 00-234 Docket No. 18. No appeals were taken from any of these rulings. Instead, more than a year later on December 10, 2001, Mr. Velasquez filed a Motion to Void Order of Remand demanding that the court void the order of remand and reinstate the case in federal court. See Civil No. 00-234, Docket No. 20. On December 28, 2001, Mr. Velasquez file a Motion to Void Judgment Number 1203 Issue by a New Mexico Territorial District Court Dated August 17, 1910 as a Fraud Put Upon the Court. See Civil No. 00-234, Docket No. 23. On January 16, 2002, the Court filed an Order denying both the Motion to Void Order of Remand and the Motion to Void Judgment. See Civil No. 00-234, Docket No. 27.

Taking judicial notice of the record in the state court, Judgment was entered in <u>Taintor</u> in favor of plaintiffs on December 7, 2001. A motion to enforce the judgment was filed on March 4, 2003. On May 27, 2003, the state court held a hearing on the motion to enforce the judgment and contempt of court. On June 2, 2003, the state court issue a bench warrant for Uvaldo Vasquez. Matters related to enforcement of the judgment are still pending in the state court action.

On June 12, 2003, Plaintiff Uvaldo Velasquez filed a Complaint in this Court naming as Defendants White, Koch, Kelly & McCarthy, P.A. (WKKM) and each attorney member thereof jointly and severally and Cuddy, Kennedy, Hetherington, Albetta & Ives, LLP (CKHAI) and each attorney member thereof jointly and severally and John and Jane Does. Plaintiff alleges that these defendants committed attorney malpractice in connection with the state court litigation in <u>Taintor</u>. Plaintiff further alleges that these acts of malpractice violated Plaintiff's civil rights.

**LEGAL STANDARD**

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). In resolving issue of subject matter jurisdiction, the Court may look beyond the pleadings. <u>Sizova v. National Institute of Standards & Technology</u>, 282 F3d 1320, 1324-25 (10th Cir. 2002). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion for summary judgment. <u>Id.</u> at 1324-25.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of</u>

3

Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

I.   ROOKER-FELDMAN DOCTRINE

Defendant CKHAI urges that Plaintiff's Complaint should be dismissed as an impermissible collateral attack on the judgment of the state court in Taintor. Under the Rooker-Feldman Doctrine, "[a] federal district court does not have authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court." Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). "Federal district courts do not have jurisdiction over challenges to state-court decision in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Van Sickle, 791 F.2d at 1436 (citing Feldman, 460 U.S. at 486). The Rooker-Feldman Doctrine applies to all state court judgments, whether they are final or not. Kenmen Engineering v. City of Union, 314 F.3d 468 (10th Cir. 2002). While a federal district court does have jurisdiction over general attacks on the constitutionality of state laws, it does not have jurisdiction over a plaintiff's constitutional claim that a state court erred in its application of state law to the plaintiff. Van Sickle, 791 F.2d at 1436; See also Facio v. Jones, 929 F.2d 541 (10th Cir. 1991); Bisbee v. McCarty, 2001 WL 91411 No. 00-1115 (10th Cir. Feb. 2, 2001) (unpublished opinion).

While Velasquez' Complaint is not the model of clarity and is anything but succinct, it is clear that the essence of his claims is an attempt to have this Court review the state court proceedings in Taintor.[1]  This Court has no authority or jurisdiction to review judgments from state courts.  Thus, the Court must dismiss Velasquez' claims seeking review of the state court proceedings based on a lack of subject matter jurisdiction.

II.     PLAINTIFF'S CLAIMS OVER WHICH THIS COURT MIGHT EXERCISE SUBJECT MATTER JURISDICTION

To the extent that Plaintiff's ambiguous Complaint is an attempt to make claims that are not a collateral challenge of the state court judgment,  Plaintiff's Complaint fails to state any claim on which relief may be granted.

   A.     Plaintiff's Malpractice Claims

Plaintiff alleges that the Defendants committed malpractice in their representation of clients in Trainor.  Plaintiff admits that none of the Defendants represented him in Trainor.  Defendants, in fact, represented parties in Trainor whose interests were adverse to Plaintiff's.  As

---

[1] Plaintiff's Complaint alleges, among other things, that the Defendants committed malpractice because they (1) conspired to illegally represent the interests of Janis Lee Wright, a Plaintiff-in-Intervention in Taintor; (2) had a duty to know that the state court had no authority to hear and determine the issues in Taintor; (3) had a duty to know that their efforts in state court would confine the liberty of Plaintiff and damage his real property interests; (4) had a duty to recognize the original fraud perpetrated on a New Mexico State Court in Counties of San Juan and Rio Arriba v. Unknown Owners of the Piedra Lumbre Land Grant, No. 1203 (1908-1910); (5) committed an illegal act in embracing anomalies perpetrated pursuant to the state court decision in Counties of San Juan and Rio Arriba; (6) deprived him of his property interest and unlawfully confined him by denying his use of his real property in Taintor; (7) ignored Plaintiff's true and valid title to real property in Taintor; (8) violated Rule 11 in Taintor; (9) fraudulently concealed their true clients in Taintor; (10) committed mail fraud by using the mail to serve pleadings in Taintor; (11) engaged in a conflict of interest and violated anti-trust laws by litigating Taintor; (12) engaged in a criminal conspiracy to commit attorney malpractice in Taintor; and (13) committed criminal conspiracy to deprive Plaintiff of his civil rights by litigating in Taintor.

such, Plaintiff has no cause of action for malpractice against Defendants. See Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A., 750 P.2d 118, 122 (N.M. 1988).

   B.  Claims Pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment

  42 U.S.C. § 1983 provides a cause of action for persons whose rights under the Constitution or laws of the United States have been violated by persons acting under color of state law. In order to state a claim under § 1983, a person must show the deprivation of a right secured by the federal constitution or by federal law and must show that the deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). An element of any claim under the Fourteenth Amendment is state action. Pino v. Higgs, 75 F.3d 1461, 1464 (10th Cir. 1996) (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984)). Plaintiff here alleges claims under both 42 U.S.C. § 1983 and the Fourteenth Amendment.

  The state action requirement of the Fourteenth Amendment and the "under color of state law" element of the Section 1983 claim are similar and overlapping, but denote two separate areas of inquiry. Pino, 75 F.3d at 1464. However, if the state action element is met, the statutory requirement of action under color of state law is also satisfied. Lugar, 457 U.S. at 935 n. 18.

  The state action requirement of the Fourteenth Amendment forbids the government, and the government alone, from engaging in certain activities. Gilmore v. Salt Lake Community Action Program, 710 F.2d 632, 635 (10th Cir. 1983) (citing Lugar, 457 U.S. at 936). "The Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). However, governmental power can be exercised in the absence of an official presence, and the conduct of an otherwise private entity or person is sometimes to be treated as state action. Brentwood Academy v. Tennessee

Secondary Sch. Athletic Assoc., 531 U.S. 288, 295 (2001).  The state action requirement reflects judicial recognition of the obligation to "preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct it could not control."  Id. at 295;  See also Lugar, 457 U.S. at 936-37.  Thus, to meet the state action requirement of the Fourteenth Amendment, the conduct allegedly causing a deprivation of a federal right must be fairly attributable to the state.  Lugar, 457 U.S. at 937.  "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  Brentwood Academy, 531 U.S. at 295.

     The Supreme Court has developed a two-part test for the question of fair attribution.  "First, the deprivation must be caused by the exercise of some right or privilege created by the State or a rule of conduct imposed by the state or by a person for whom the state is responsible."  Lugar, 457 U.S. at 937.  "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."  Id.  In Lugar, the Court characterized the first part of the approach as a requirement that the deprivation be associated with a governmental decision and the second part of the approach as an inquiry into the character of the defendant as a state actor.  Id.; Gilmore 710 F.3d at 637.  Both parts of the test must be satisfied in order to find that otherwise apparently private conduct is fairly attributable to the state.  While a private entity or person might be found to be a state actor, the conduct in question will not be found to be fairly attributable to the state if it does not amount to a deprivation that is the result of a governmental decision.

In order to determine whether a private person or entity is a state actor, the Supreme Court has articulated several different factors or tests. The "public function" test asks whether the actor is performing a traditional governmental function and is based on the principal that a state cannot avoid constitutional responsibilities by delegating a public function to private parties. Georgia v. McCollum, 505 U.S. 42, 51-53, (1992). The "nexus test" inquires whether there is a sufficiently close relationship between the state and the challenged action such that the action should be attributed to the state. Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974). The "state compulsion" test asks whether the challenged activity was the result of the State's exercise of coercive power or the State's significant encouragement. Brentwood Academy, 531 U.S. at 296. The "joint action" test applies when a nominally private entity operates as a willful participant in joint activity with the State or its agents. Lugar, 457 U.S. at 941. Finally, the "symbiotic relationship" or "entwinement" test asks whether a state has deeply insinuated itself into a position of interdependence with a private entity; whether the entity has become entwined with governmental policies, or whether the government has become so entwined with the management or control of the public entity that the government and the private entity must be recognized as joint participants in the challenged activity. Brentwood Academy, 531 U.S. at 296; Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1451 (10th Cir. 1995) (citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163 (1972)).

Plaintiff has not alleged anything that would remotely indicate that any of the Defendants were state actors under the Fourteenth Amendment or acting under color of state law for purposes of 42 U.S.C. § 1983. The only actions by Defendants that Plaintiff seems to characterize as state action is their participation in the legal proceedings in Taintor. A private

8

attorney does not become a state actor merely by participating in the trial of a private court action.  Lindley v. Amoco Production Co., 639 F.2d 671, 673 (10th Cir. 1981); Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc., 673 F.2d 771, 772 (5th Cir. 1982); Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1995); Mabe v. City of Galveston, Texas, 635 F.Supp. 105, 107 (S.D. Tex. 1986); Raitport v. Provident National Bank, 451 F.Supp. 522, 531 (E.D. Pa. 1978). "When a plaintiff . . . attempts to assert the necessary state action by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."  Scott v. Hern, 216 F.3d 897, 907 (10th Cir. 2000); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998).  Plaintiff alleges no facts that would tend to show any agreement or concerted action.  Thus, Plaintiff fails to state a claim against Defendants under 42 U.S.C. § 1983 or the Fourteenth Amendment.

    C.    Plaintiff's Claims Pursuant to the Thirteenth Amendment, 28 U.S.C. § 1654, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1994, and Various Sections of Title 18 of the United States Code

Although a court is required to liberally construe a *pro se* plaintiff's pleadings, mere conclusory allegations will not support a claim without supporting factual averments.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff lists these various legal theories for recovery without any supporting factual allegations.  Thus, Plaintiff fails to state a claim for relief under any of these legal theories.

**CONCLUSION**

Therefore, Defendant White, Koch, Kelly & McCloud, P.A.'s Motion to Dismiss Plaintiff's Complaint [Docket No. 5] and Defendant Cuddy, Kennedy, Hetherington, Albetta &

Ives, LLP's Motion to Supplement, Join In and Concur in Defendant White, Koch, Kelly & McCloud, P.A.'s Motion to Dismiss Plaintiff's Complaint [Docket No. 7] are hereby GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

 IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE